# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KEVIN KUNLAY WILLIAMS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | No. 4:18 CV 1480 RWS |

## MEMORANDUM AND ORDER

Kevin Williams seeks to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. On March 29, 2017, Williams was charged by superseding indictment of being involved in fraud and immigration offenses. Case No. 4:17 CR 65 RWS. On July 14, 2017, Williams pled guilty to Counts 3, 5, 6, and 8 of the superseding indictment. [Doc. # 39 in Case Number 4:17 CR 65 RWS]. October 20, 2017, he was sentenced to a total of 78 months' imprisonment, consisting of 54 months each on Counts 3, 6, and 8, to be served concurrently, and a term of 24 months on Count 5, to run consecutively. Williams appealed, and the Eighth Circuit Court of Appeals affirmed his conviction and sentence. [Doc. # 76 in Case Number 4:17 CR 65 RWS]. Williams petitioned the Eighth Circuit for rehearing by the panel or rehearing en banc, which was denied on September 20,

2018. [Doc. # 78 in Case Number 4:17 CR 65 RWS]. The mandate issued on September 27, 2018. [Doc. # 79 in Case No. Case Number 4:17 CR 65 RWS].

Williams then filed this § 2255 motion *pro se*, raising the following grounds for relief:

1) Ineffective assistance of trial counsel for failing to object to court proceedings because he was not receiving his insulin medication and was therefore unable to comprehend court proceedings;

2) His sentence was substantively unreasonable;

3) Ineffective assistance of trial counsel for failing to object to the imposition of criminal history points for his 1985 conviction; and

4) Ineffective assistance of trial counsel for failing to object to the use of his 1995 removal from the United States.

Williams' second claim for relief was rejected by the Eighth Circuit on appeal and cannot be relitigated here. Williams' remaining ineffective assistance of counsel claims are all meritless. Accordingly, I will deny Williams' motion without an evidentiary hearing for the reasons that follow.

## Discussion

### A. No Evidentiary Hearing is Required

The records before me conclusively demonstrate that Williams has no right to relief. I will not hold an evidentiary hearing on this matter. "A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief."

*Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks omitted). "No hearing is required, however, where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Id.* (internal quotation marks and citations omitted). The record here conclusively refutes the claims, so I will not hold an evidentiary hearing.

### B. Ground 2 was Previously Litigated

"A collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). "[N]ormally a collateral attack should not be entertained if defendant failed, for no good reason, to use another available avenue of relief." *Poor Thunder v. United States*, 810 F.2d 817, 823 (8th Cir. 1987) (internal citation omitted). Moreover, "it is well settled that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003) (internal quotation marks and citation omitted); *see also, Thompson v. United States*, 7 F.3d 1377, 1379 (8th Cir. 1993) (citing *United States v. Holtzen*, 718 F.2d 876, 878 (8th Cir. 1983)). Here, Williams' claim that his sentence was substantively unreasonable was considered and rejected by the Eighth Circuit on appeal, which held: "We conclude that the district court did not impose an

3

unreasonable sentence." [Doc. # 76 in Criminal Case No. 4: 17 CR 65 RWS]. As such, Ground 2 of Williams' § 2255 motion cannot be litigated here and is denied.

### C. Williams Did Not Receive Ineffective Assistance of Counsel

Williams brings claims of ineffective assistance of trial counsel. The Sixth Amendment establishes the right of the criminally accused to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To state a claim for ineffective assistance of counsel, Williams must prove two elements of the claim. First, he "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Id.* at 687. In considering whether this showing has been accomplished, "judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.* Second, Williams "must show that the deficient performance prejudiced the defense." *Id.* at 687. This requires him to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The court need not address both components if the movant makes an insufficient showing on one of the

prongs. *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995). Under these standards, Williams did not receive ineffective assistance from his attorney.

Williams first complains that his attorney was ineffective for failing to object to proceedings against him because he was not receiving his insulin medication. As for his contention that he was unable to comprehend his guilty plea proceedings because the St. Charles County jail did not provide him with insulin from February 19, 2017 to May 24, 2017, the Court notes that Williams entered his guilty plea well after these dates (on July 14, 2017), and at the time of his plea hearing Williams represented to the Court that he was receiving his daily insulin and was competent to proceed with the hearing. Williams' representations at the plea hearing were made under oath and cannot be contradicted now. *See Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997). Similarly, Williams' allegation that he was not receiving insulin at the time of sentencing is contradicted by the Presentence Investigation Report prepared in this case [Doc. # 49 in Case No. 4: 17 CR 65 RWS]. Williams had no objections to the PSI in this case, and despite being given ample opportunity to speak at sentencing, he did not raise this issue with the Court. As counsel cannot be ineffective for failing to raise or win a meritless argument, all this claim is denied. *See Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994) ("[C]ounsel's failure to raise a meritless argument cannot constitute ineffective assistance.").

5

Moreover, contrary to Williams' allegations, a review of the sentencing transcript conclusively demonstrates that counsel did not interrupt either the Court or Williams to prevent Williams from raising this issue at sentencing. [Doc. # 68 in Case No. 4: 17 CR 65 RWS]. Counsel did, however, advocate ably on Williams' behalf in requesting a variance from the guidelines due in part to his serious health concerns. After consideration of all appropriate sentencing factors, I sentenced Williams' to a below guidelines sentence and recommended a medical evaluation and consideration for placement at a federal medical center, if consistent with Bureau of Prison policies. [[Doc. # 68 in Case No. 4: 17 CR 65 RWS]. Under these circumstances, Williams cannot demonstrate the requisite deficient performance or resulting prejudice necessary to maintain his ineffective assistance of counsel claim as a matter of law. Ground 1 of Williams' § 2255 motion is denied.

Williams' remaining ineffective assistance of counsel claims are summarily denied as conclusively refuted by the record. Williams complains that his counsel did not object to the imposition of three criminal history points for his 1985 conviction for committing credit card abuse, arguing that it occurred more than fifteen years prior to indictment. This claim is denied because Count 6 of the superseding indictment charged Williams with illegally reentering the United States from Nigeria on or about March 22, 1999. Although Williams was not

indicted and arrested until 2017, illegal reentry is an ongoing offense that begins on the date of reentry, which in this case was March 22, 1999. As such, Williams' 1985 conviction occurred within 15 years of the commencement of the instant offense of illegal reentry and was properly assessed three criminal history points in the calculation of his offense level. Williams also argues that counsel should have objected to the use of his 1995 removal from the United States as part of his offense of illegal reentry because, according to Williams, since he was indicted and arrested more than 20 years after being deported he no longer needed permission to reenter the United States. This argument is patently meritless, as Williams admitted in his plea agreement that he needed, but did not receive, permission to reenter the United States on March 22, 1999, the date his offense began. That Williams evaded indictment and arrest for his ongoing offense for more than 20 years does not negate this fact. As counsel cannot be deemed ineffective for failing to raise these meritless arguments, Grounds 3 and 4 of Williams' § 2255 motion are denied.

### D. I Will Not Issue a Certificate of Appealability

As Williams has not made a substantial showing of the denial of a federal constitutional right, this Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)) (substantial showing must be debatable among reasonable

jurists, reasonably subject to a different outcome on appeal or otherwise deserving of further proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that Kevin Kunlay Williams' motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 [1] is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as Williams has not made a substantial showing of the denial of a federal constitutional right.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

                                            RODNEY W. SIPPEL
                                            UNITED STATES DISTRICT JUDGE

Dated this 3rd day of May, 2019.